IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOWELL QUINCY GREEN, <br> TDCJ No. 518622, | § <br> § <br> § | |
| Plaintiff, | § <br> § | |
| V. | § <br> § | No. 3:24-cv-1783-X-BN |
| KEN PAXTON, ET AL., | § <br> § <br> § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Lowell Quincy Green, a Texas prisoner sentenced to life in prison as a habitual offender – and a habitual filer of frivolous lawsuits in federal courts throughout Texas – filed a *pro se* complaint against the Texas Attorney General and employees of his office. *See* Dkt. No. 2.

United States District Judge Brantley Starr referred the complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Green neither paid the filing fee nor moved for leave to proceed *in forma pauperis* ("IFP").

But prisoners may not proceed IFP if, while incarcerated or detained in any facility, they have filed three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

Green is subject to this three-strikes bar, as his

> litigation history reveals that he has previously submitted abusive and scurrilous filings in federal court. Prior to filing [an] action [in another Texas federal district court earlier in 2018], he had at least five suits dismissed as frivolous. *Green v. State of Tex., et al.*, Civil Action Number 6:17-092 (W.D. Tex.) (dismissed as frivolous on May 18, 2017); *Green v. State of Tex. Gov't, et al.*, Civil Action Number 6:16-424 (W.D. Tex.) (dismissed as frivolous on February 13, 2017); *Green v. Davis, et al.*, Civil Action Number 6:16-419-RP (W.D. Tex.) (dismissed as frivolous on February 13, 2017); *Green v. Heaton, et al.*, Civil Action Number 7:16-00014-0 (N.D. Tex.) (dismissed as frivolous on February 24, 2016); and *Green v. William Stephens, et al.*, Civil Action Number 4:15-3257 (S.D. Tex.) (dismissed as frivolous on November 5, 2015).

*Green v. White*, Civ. A. No. H-18-2460, 2018 WL 3474469, at *1 (S.D. Tex. July 19, 2018); *see also Green v. Tex. Gov't*, 704 F. App'x 386 (5th Cir. 2017) (per curiam) ("Green's appeal is without arguable merit and is dismissed as frivolous. The dismissal of this appeal as frivolous and the district court's dismissal of Green's complaint as frivolous and for failure to state a claim[ – counted above – ]each count as a strike for purposes of 28 U.S.C. § 1915(g). Green is warned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." (citations omitted)); *Green v. Stewart*, No. 3:19-cv-1070-B-BH, 2019 WL 2233281 (N.D. Tex. May 6, 2019), *rec. accepted*, 2019 WL 2225296 (N.D. Tex. May 23, 2019) (dismissing as barred by Section 1915(g) Green's "suit against the Fifth Circuit and the Clerk of that Court for violations of his constitutional rights," in which "he named the United States, four judges, and the clerk and a deputy clerk of the Fifth Circuit as defendants"); *Green v. Lumpkin*, Civ. A. No. H-20-3954, 2020 WL 7129731 (S.D. Tex. Dec. 3, 2020) (similar).

The only exception to this bar is when the prisoner is "under imminent danger

of serious physical injury." 28 U.S.C. § 1915(g).

But, to meet the "imminent danger" exception, "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush*, No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)).

"Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't*, 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status." (citing *Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998))).

A prisoner must also "allege specific facts" to support the imminent-danger exception. *Valdez*, 2008 WL 4710808, at *1.

"General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id.* (quoting *Niebla v. Walton Corr. Inst.*, No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

The "specific allegations" must therefore reflect "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

For example, as to allegedly inadequate medical care, use of "the past tense

when describing" symptoms (which should be corroborated by medical records or grievances) does not allege imminent danger. *Stone v. Jones*, 459 F. App'x 442, 2012 WL 278658, at *1 (5th Cir. Jan. 31, 2012) (per curiam).

And there must be a nexus between the claims made and the imminent danger alleged. *See Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (citations omitted), *aff'd*, 571 F. App'x 352 (5th Cir. 2014) (per curiam).

As Green's current civil action falls under the three-strikes provision, he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. But his complaint lacks substantive factual allegations to show that he currently is in imminent danger of serious physical injury as to overcome Section 1915(g). The Court should therefore bar Green from proceeding IFP. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

## Recommendation

The Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation or by some other deadline established by the Court, Plaintiff Lowell Quincy Green pays the full filing fee of $405.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 23, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE